IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERESA J. MCGARRY
on behalf of herself and all others
similarly situated,

    Plaintiff,

      v.

DELTA AIR LINES, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:18-CV-2794-TWT

## OPINION AND ORDER

This is a data breach action. It is before the Court on the Defendant Delta's Motion to Transfer Plaintiff's Action to the Central District of California [Doc. 20] and the Defendant [24]7.ai, Inc.'s Motion to Transfer Venue to the Untied States District Court for the Central District of California [Doc. 21]. For the reasons set forth below, the Defendant Delta's Motion to Transfer Plaintiff's Action to the Central District of California [Doc. 20] and the Defendant [24]7.ai, Inc.'s Motion to Transfer Venue to the Untied States District Court for the Central District of California [Doc. 21] are GRANTED.

## I. Background

This action arises out of a data breach affecting Defendant Delta Airlines, Inc.'s online booking services.[1] Defendant [24]7.ai, Inc. is a vendor of online chat services for Defendant Delta and other companies.[2] On March 28, 2018, Defendant [24]7.ai informed Defendant Delta that Defendant [24]7.ai had been the victim of a cyber attack.[3] From September 26 to October 12, 2017, the perpetrators had access to information entered into Defendant Delta's desktop online platform.[4] This information included the names, addresses, and card information of individuals attempting to use the platform to make flight reservations.[5] Defendant Delta notified customers who might have been affected by the data breach on April 5, 2018.[6]

Plaintiff Teresa J. McGarry filed this action on June 7, 2018, as a putative class action. The Plaintiff seeks certification of a nationwide class comprised of "[a]ll persons residing in the United States who made a reservation or booking with Delta and/or flew with Delta from the time period September 26, 2017 to

---

[1]    Compl. ¶ 2 [Doc. 1].

[2]    *Id.* ¶ 11.

[3]    *Id.*

[4]    *Id.*

[5]    *Id.*

[6]    *Id.* ¶ 10.

October 12, 2017."[7] The Plaintiff also seeks certification of a "(state name) class" comprised of "[a]ll persons residing in (State Name) who made a reservation or booking with Delta and/or flew with Delta from the time period September 26, 2017 to October 12, 2017."[8] The Plaintiff brings claims on behalf of one or both classes for (1) breach of implied contract, (2) negligence, (3) bailment, (4) violations of state unfair and deceptive business practices laws, (5) negligence *per se*, (6) breach of the covenant of duty of good faith and fair dealing, and (7) violations of state data breach acts. The Plaintiff seeks equitable relief and damages.[9]

This action is one of three putative class actions filed as a result of the data breach. *Pica v. Delta Air Lines, Inc., et al.* commenced on April 6, 2018, in the Central District of California.[10] *Ford, et al. v. 24/7 Inc., et al.* commenced on May 10, 2018, in the Northern District of California.[11] Both the *Pica* and *Ford* plaintiffs seek certification of nationwide and state specific classes of persons whose personal identifiable information might have been compromised as a

---

[7]     *Id.* ¶ 19.

[8]     *Id.*

[9]     *Id.* ¶ 112.

[10]    C.A. No. 2:18-02876 (C.D. Cal.).

[11]    C.A. No. 5:18-02770 (N.D. Cal.).

result of the breach.[12] Defendant Delta and Defendant [24]7.ai have both filed motions to transfer this action to the Central District of California, the venue of the *Pica* action.[13] The Plaintiff opposes the transfer.

## II. Legal Standard

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."[14] The first-filed rule is a doctrine of federal comity that is intended to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[15] Federal courts consider three factors in determining whether the first-filed rule should apply: "(1) the chronology of the actions; (2) the similarity of the

---

[12]     *See* Second Am. Compl. ¶ 48 [Doc. 35], *Pica*, C.A. No. 2:18-02876; Consolidated Am. Compl. ¶ 105 [Doc. 69], *Ford*, C.A. No. 5:18-02770.

[13]     *See* Def. Delta's Mot. to Transfer Pl.'s Action to the Central District of California [Doc. 20]; Def. [24]7's Mot. to Transfer Venue to the United States District Court for the Central District of California, at 3, 13-19 [Doc. 21]. While these motions were pending, the Judicial Panel on Multidistrict Litigation issued an order denying transfer or centralization of the *McGarry, Pica,* and *Ford* actions. *See In re: [24]7.AI, Inc., Customer Data Security Breach Litigation*, MDL No. 2863, D.E. 34 (Oct. 3, 2018).

[14]     *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

[15]     *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)); *see also United States v. 22.58 Acres of Land, More or Less, Situated in Montgomery Cty., Ala.*, No. 2:08-CV-180-MEF WO, 2010 WL 431254, at *5 (M.D. Ala. Feb. 3, 2010) (noting that the "main purpose [of the first-filed rule] is to promote judicial efficiency") (citation omitted).

parties involved; and (3) the similarity of the issues at stake."[16] The parties and issues do not need to be identical. Rather, "the crucial inquiry is whether the parties and issues substantially overlap."[17] If the court finds that the cases at issue are in fact duplicative, the burden shifts to the party opposing transfer to prove that "compelling circumstances" warrant an exception to the first-filed rule.[18] The first-filed rule "is the rule, not an exception[,]" and "should not be disregarded lightly."[19]

### III. Discussion

The Defendants urge this Court to transfer this case pursuant to the first-filed rule.[20] They argue that each of the three factors that courts consider in determining whether to apply the first-filed rule weighs in their favor. The Defendants argue that the first factor favors transfer because the original complaint in the *Pica* action was filed on April 6, 2018, whereas the Complaint

---

[16]     *22.58 Acres of Land, More or Less, Situated in Montgomery Cty., Ala.*, No. 2:08-CV-180-MEF WO, 2010 WL 431254, at *5 (compiling cases in which these factors were considered).

[17]     *Id.* (citations omitted).

[18]     *Manuel*, 430 F.3d at 1135.

[19]     *Daugherty v. Adams*, No. 1:16-CV-02480-LMM, 2017 WL 5484699, at *9 (N.D. Ga. Mar. 22, 2017) (citing *Manuel*, 430 F.3d at 1135).

[20]     Defendant [24]7.ai, Inc. argues in the alternative that transfer is proper under 28 U.S.C. § 1404. *See* Def. [24]7's Br. in Supp. of Mot. to Transfer Venue to the United States District Court for the Central District of California, at 3, 13-19 [Doc. 21-1].

in the action before this Court was filed two months later on June 7, 2018.[21] As to the second factor, the Defendants note that Delta is a defendant in both actions and that the plaintiffs in both actions seek to certify the same nationwide class comprised of all persons who made a reservation or flew with Defendant Delta during the period of time in which Defendant Delta's website was compromised.[22] Finally, the Defendants argue that the third factor is satisfied because both actions arose out of the same data breach and the causes of action and relief requested in both cases are substantially similar.[23]

The Plaintiff initially argues that her choice of forum should be accorded great weight and that the Defendants cannot show that venue in this district is improper.[24] But the Defendants need not show that venue is improper under 28 U.S.C. § 1406 in order to invoke the first-filed rule. Nor must the Defendants show that the balance of the 28 U.S.C. § 1404(a) factors weighs in their favor. The Court's authority to transfer actions under the first-filed rule does not

---

[21]     *See* Def. Delta's Br. in Supp. of Mot. to Transfer Pl.'s Action, at 8-9 [Doc. 20-1]; Def. [24]7.ai's Br. in Supp. of Mot. to Transfer Venue to the United States District Court for the Central District of California, at 8-9 [Doc. 21-1].

[22]     *See* Def. Delta's Br. in Supp. of Mot. to Transfer Pl.'s Action, at 9; Def. [24]7.ai's Br. in Supp. of Mot. to Transfer Venue to the United States District Court for the Central District of California, at 9-10.

[23]     *See* Def. Delta's Br. in Supp. of Mot. to Transfer Pl.'s Action, at 11-12; Def. [24]7.ai's Br. in Supp. of Mot. to Transfer Venue to the United States District Court for the Central District of California, at 10-11.

[24]     *See* Pl.'s Br. in Opp. to Def. Delta's Mot. to Transfer Pl.'s Action to the Central District of California, at 4 [Doc. 25].

derive from 28 U.S.C. § 1406 or 28 U.S.C. § 1404. Rather, the first-filed rule provides an independent basis for the transfer of actions like the one before this Court.[25] Insofar as the Plaintiff is arguing that the first-filed rule is effectuated through § 1404 or § 1406, the Plaintiff provides no precedent to support this proposition.[26] Accordingly, this Court will review the three factors detailed above to determine whether the first-filed rule should be applied.

### A. Chronology

The Plaintiff argues that the first factor cuts against transfer because the current named plaintiffs in the *Pica* action did not file the original complaint.[27] The original complaint in the *Pica* action was filed by former named plaintiff Arthi Naini on April 6. On June 14, however, with a Motion to Dismiss pending, Arthi Naini, Dana Pica, and Gabrielle Groff jointly filed a first amended complaint adding Dana Pica and Gabrielle Groff as named plaintiffs. Arthi Naini filed a notice of voluntary dismissal of her individual claims with the court

---

[25]     *See Goldsby v. Ash*, No. 2:09-CV-975-TFM, 2010 WL 1658703, at *4 (M.D. Ala. Apr. 22, 2010) (noting that the court had "inherent authority" to transfer a case pursuant to the first-filed rule); *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013) (treating first-filed rule and analysis under 28 U.S.C. § 1404 as distinct inquiries).

[26]     *See David v. Signal Int'l, LLC*, No. CIV.A. 08-1220, 2015 WL 3603944, at *1 (E.D. La. June 4, 2015) (rejecting the plaintiffs' argument that the first-filed rule "is effectuated through Section 1404(a) as a matter of law" and noting the lack of precedent in support of the plaintiffs' position).

[27]     *See* Pl.'s Br. in Opp. to Def. Delta's Mot. to Transfer Pl.'s Action to the Central District of California, at 11-14.

on the same day.[28] The Plaintiff argues that the substitution of new named plaintiffs means that the first amended complaint in the *Pica* action does not "relate back" to the original complaint within the meaning of Federal Rule of Civil Procedure 15(c). Therefore, the Plaintiff argues, this Court should consider the *Pica* action to have commenced on June 14, seven days after the Plaintiff filed her Complaint with this Court on June 7.

The Plaintiff's argument is unavailing. This Court need not apply relation back doctrine in determining which action was first-filed. Other courts applying the first-filed rule have declined to engage in relation back analysis when complaints are amended to add new parties or causes of action.[29] This Court is persuaded by the reasoning underlying those decisions. "The first-filed rule turns on which court first obtains possession of the subject of the dispute, not

---

[28]    *See* First Am. Compl. [Doc. 16], *Pica*, C.A. No. 2:18-02876; Notice of Dismissal [Doc. 17], *Pica*, C.A. No. 2:18-02876. The motion to dismiss was subsequently denied as moot. *See* Minutes (in Chambers) Court Order Denying the Motion to Dismiss Case as Moot [Doc. 19], *Pica*, C.A. No. 2:18-02876.

[29]    *See Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 267 (D. Del. 1997) (declining to apply relation back doctrine for the purposes of the first-filed rule where the plaintiff added a co-plaintiff in an amended complaint); *see also Biotest Pharm. Corp. v. Nat'l Liab. & Fire Ins. Co.*, No. 09-81614-CIV, 2010 WL 11504803, at *7 (S.D. Fla. Apr. 26, 2010) (declining to apply relation back doctrine for the purposes of the first-filed rule where the plaintiff added additional causes of action in an amended complaint); *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584, 590 n.47 (D. Del. 2007) (finding that relation back doctrine is not necessary to determine which action was first-filed); *Advanta Corp. v. Visa U.S.A., Inc.*, No. CIV.A. 96-7940, 1997 WL 88906, at *3 (E.D. Pa. Feb. 19, 1997).

the parties of the dispute."[30] The district court in the Central District of California "obtain[ed] possession of the subject of the dispute" on April 8, when the original complaint was filed in the *Pica* action. While the first amended complaint substituted in new named plaintiffs, it did not materially change the subject matter of the action. Moreover, the new named plaintiffs seek to represent the same class of persons described in the original complaint. This Court is satisfied that the *Pica* action was first-filed for the purposes of the first factor.

Even if relation back doctrine did apply, which it does not, the substitution of new putative class representatives does not in itself prevent the amended complaint from relating back to the original filing date. Courts in this circuit have applied the following test to determine whether an amendment adding or substituting named plaintiffs relates back to the filing of the original class action complaint:

> (1) whether the amended claim arose out of the same conduct, transaction, or occurrence as the original pleading; (2) whether the amendment will unduly prejudice the defendant; and (3) whether the original complaint provided adequate notice of the nature of the new proposed class.[31]

---

[30]      *Advanta Corp.*, No. CIV.A. 96-7940, 1997 WL 88906, at *3.

[31]      *Richmond Manor Apts., Inc. v. Certain Underwriters at Lloyd's London*, No. 09-60796-CIV, 2010 WL 11507006, at *6 (S.D. Fla. Oct. 18, 2010) (quoting *Grand Lodge of Pa. v. Peters*, 560 F. Supp. 2d 1270, 1273-74 (M.D. Fla. 2008)). The test was developed from dicta in *Cliff v. Payco Gen. Am. Credits, Inc.*, in which the Eleventh Circuit declined to articulate a test for whether an

The first amended complaint in the *Pica* action arose out of the "same conduct, transaction, or occurrence as the original pleading." There is no indication that the defendants were prejudiced by the substitution. And the original complaint puts the defendants on notice of the claims against them and the nature of the proposed class. Therefore, even if relation back doctrine did apply, the first amended complaint in the *Pica* action relates back to the original complaint.[32]

------

amendment adding plaintiffs should relate back but cited favorably to the three part test developed in the Ninth Circuit. 363 F.3d 1113, 1132 (11th Cir. 2004) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996)); *see also Hughes v. Am. Tripoli, Inc.*, No. 204CV-485-FTM-29DNF, 2007 WL 2010786, at *2 (M.D. Fla. July 6, 2007) (adopting the test referenced in *Cliff* and harmonizing it with Federal Rule of Civil Procedure 15), *on reconsideration*, No. 2:04CV485-FTM-29DNF, 2007 WL 2071529 (M.D. Fla. July 17, 2007).

In *Richmond Manor Apts.*, the court allowed an amendment substituting new named plaintiffs to relate back to the filing of the original complaint because the claims were "identical" and arose out of the "same conduct, transaction, or occurrence" set forth in the original complaint. The court reasoned that because the amendment "merely substitute[d] representative plaintiffs, it [did] not constitute the filing of a new suit." *Richmond Manor Apts.*, 2010 WL 11507006, at *6.

[32]     The Plaintiff relies on the case *Longbottom v. Swaby* to support the proposition that Federal Rule of Civil Procedure 15(c) does not apply to an amendment substituting new parties. 397 F.2d 45, 48 (5th Cir. 1968) ("As to identity of parties plaintiff, Rule 15(c) does not apply to an amendment which substitutes a new party or parties."). This Court finds that *Longbottom* is distinguishable because it did not involve the substitution of named plaintiffs in a putative class action. *Summit Office Park, Inc. v. U.S. Steel Corp.*, the other case on which the Plaintiff relies, is also easily distinguishable. 639 F.2d 1278 (5th Cir. 1981). In that case, the Fifth Circuit upheld a district court decision to reject a proposed amendment to the complaint at the summary judgment stage, which would have substituted "new plaintiffs, a new class, and [a] new cause of action[.]" In the *Pica* action, by contrast, the class and causes of action remained the same, and the first amended complaint was filed before the court had made any ruling on a dispositive motion. This Court concludes that *Summit Office*

## B. Similarity of the Parties

The Plaintiff argues that the second factor cuts in her favor because Defendant [24]7.ai is not a party in the *Pica* action. The Plaintiff asserts, based on Ninth Circuit precedent on fictitious party pleading, that the plaintiffs in the *Pica* suit could not easily add [24]7.ai as a defendant. But this argument is besides the point.[33] The first-filed rule does not require complete identity of the parties.[34] Here, the plaintiffs in both actions seek to represent the same class of persons harmed by the data breach.[35] Delta is a defendant in both actions. These facts are sufficient to find that there is substantial overlap between the parties.[36] Therefore, the second factor cuts in favor of transfer.

---

*Park, Inc.* has little relevance to the case before it.

[33]     This Court also notes that the plaintiffs in the *Pica* action have attempted to name Defendant [24]7.ai as a defendant in their second amended complaint. *See* Second Am. Compl., at 4 [Doc. 35], *Pica*, C.A. No. 2:18-02876.

[34]     *See Rudolph & Me, Inc. v. Ornament Cent.*, LLC., No. 8:11-CV-670-T-33EAJ, 2011 WL 3919711, at *2 (M.D. Fla. Sept. 7, 2011); *Women's Choice Pharm., LLC v. Rook Pharm., Inc.*, No. 16-CV-62074, 2016 WL 6600438, at *3 (S.D. Fla. Nov. 8, 2016).

[35]     *See Peterson v. Aaron's, Inc.*, No. 1:14-CV-1919-TWT, 2015 WL 224750, at *2 (N.D. Ga. Jan. 15, 2015) (in determining whether the parties overlap, "it is the class, not the class representatives, that are relevant for purposes of the first-to-file rule.") (quoting *In re TFT–LCD (Flat Panel) Antitrust Litig.*, No. C 10–3517 SI, 2011 WL 1399441, at *4 (N.D. Cal. Apr.13, 2011)).

[36]     *See Daugherty*, No. 1:16-CV-02480-LMM, 2017 WL 5484699, at *12 (approving transfer pursuant to the first-filed rule despite the fact that 14 out of 18 defendants were not named in the first-filed suit).

### C. Similarity of the Issues

The Plaintiff does not contest that the issues substantially overlap. The named plaintiffs in both actions seek to represent the same class of persons whose personal information was compromised as a result of the same data breach. The plaintiffs also bring similar causes of action. In the absence of any argument to the contrary, this Court is satisfied that the third factor cuts in favor of transfer. Because the three factors cut in favor of transfer, this Court finds that substantial overlap exists between the actions and the first-filed rule should apply.

### D. Compelling Circumstances

The Plaintiff identifies several reasons why this Court should find that compelling circumstances prevent it from applying the first-filed rule. The Plaintiff argues (1) that the convenience of the parties favors this Court retaining the case, (2) that the *Pica* plaintiffs lack standing and are not members of the class that they seek to represent, and (3) that transferring the case would reward forum shopping.[37]

---

[37]    Pl.'s Br. in Opp. to Def. Delta's Mot. to Transfer Pl.'s Action to the Central District of California, at 9-15. In the section of her brief discussing compelling circumstances, the Plaintiff also argues that the first amended complaint in the *Pica* action does not relate back to the original filing date. In this Court's view, this is not so much an argument for compelling circumstances as it is an argument that the chronology of the actions favors the Plaintiff. Therefore, this Court has chosen to address this argument in the foregoing section discussing chronology.

-12-

In this Court's opinion, the question of whether compelling circumstances exist is best answered by the *Pica* court. "Once the Court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second filed court to resolve the question of whether both should be allowed to proceed."[38] It is within the discretion of the court with jurisdiction over the first-filed action to determine whether compelling circumstances require that the second-filed action be dismissed, stayed, transferred or consolidated.[39] Because this Court has found that substantial overlap exists between the two actions and that the *Pica* action was first-filed, the proper course of action is to transfer the action to the Central District of California where the Plaintiff's arguments regarding compelling circumstances can be considered.[40]

---

[38]     *Marietta Drapery & Window Coverings Co. v. N. River Ins. Co.*, 486 F. Supp. 2d 1366, 1369-70 (N.D. Ga. 2007) (citing *Cadle Co.,* 174 F.3d at 604; *Mann Mfg. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). In *Marietta Drapery & Window Coverings Co.*, the court held that the question of whether the party seeking transfer was forum shopping was best left to the first-filed court. *Id.; see also Ebix, Inc. v. DCM Grp., Inc.*, No. 1:17-CV-03653-ELR, 2018 WL 3298070, at *2 (N.D. Ga. Jan. 9, 2018) (holding that the plaintiff's arguments regarding compelling circumstances were best resolved by the court with jurisdiction over the first-filed case).

[39]     *Marietta Drapery & Window Coverings Co.*, 486 F. Supp. 2d at 1369 (citing *Cadle Co.*, 174 F.3d at 606).

[40]     This Court notes, however, that it finds the Plaintiff's arguments in support of compelling circumstances to be largely unpersuasive. The parties go back and forth in their respective briefs as to whether the convenience of the parties favors this district or the Central District of California. This Court offers no opinion as to whether the convenience factors tip one way or another. After

Because transfer is warranted pursuant to the first-filed rule, this Court will not reach Defendant [24]7.ai, Inc.'s argument in the alternative that transfer is proper under 28 U.S.C. § 1404.

## IV. Conclusion

For the foregoing reasons, the Defendant Delta's Motion to Transfer Plaintiff's Action to the Central District of California [Doc. 20] and the Defendant [24]7.ai, Inc.'s Motion to Transfer Venue to the Untied States District Court for the Central District of California [Doc. 21] are GRANTED.

---

reviewing the parties' arguments, however, this Court is not convinced that the convenience factors tip so heavily in favor of this forum as to constitute a "compelling circumstance." With regard to the Plaintiff's arguments about the qualifications of the named plaintiffs in the *Pica* action, this Court notes that the *Pica* court recently rejected Defendant Delta's argument that the *Pica* plaintiffs lack standing. *See* Minutes (in Chambers) Order re: Defendant Delta Air Lines, Inc.'s Motion to Dismiss, at 4-6 [Doc. 33], *Pica*, C.A. No. 2:18-02876. Finally, the Plaintiff's arguments about forum shopping fall short because the Plaintiff does not argue that the Defendants "raced to the courthouse" in the Central District of California. Instead, the Plaintiff faults the original named plaintiff in the *Pica* action, Arthi Naini, for filing suit the day after Defendant Delta informed customers of the data breach. But there is no allegation that the Defendants played a role in Ms. Naini's speedy filing of the case. Courts have declined to apply the first-filed rule when the party seeking transfer filed an anticipatory suit in another jurisdiction. *Cf. Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (affirming district court's dismissal of first filed anticipatory declaratory judgment action); *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967) (district court properly considered fact that declaratory judgment action was filed in anticipation of defendant's breach of contract action). But the Plaintiff provides no examples of a court declining to apply the first-filed rule based on the alleged forum shopping of a non-party plaintiff in a duplicative action. There is no sense in which granting the transfer would reward forum shopping on the part of the Defendants.

SO ORDERED, this 20 day of November, 2018.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge